**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5114**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHI CHANG HUANG, a/k/a Mike,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.   (5:10-cr-00394-FL-1)

Submitted:  July 31, 2012              Decided:  August 9, 2012

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, PA, New Bern, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shi Chang Huang pled guilty to conspiracy to traffic in counterfeit goods in violation of 18 U.S.C. § 371 (2006), and 18 U.S.C.A. § 2320 (West Supp. 2012). He received a sentence of forty-eight months' imprisonment. Huang appeals his sentence, contending that the district court clearly erred in determining the infringement amount under U.S. Sentencing Guidelines Manual § 2B5.3 (2011), and in varying above the Guidelines range. We affirm.

Huang and several family members were engaged for several years in bringing counterfeit merchandise made in China but purporting to be expensive handbags, shoes, and other accessories, from warehouses in New York City to North Carolina where they sold it at flea markets or to other flea market vendors. In the presentence report, Huang initially received a 14-level increase in his offense level for an infringement amount of $689,071. USSG § 2B5.3(b)(1).[1] To determine the infringement amount, the probation officer used the retail value of the infringed, or authentic, merchandise, which is the method prescribed in Application Note 2(A) to § 2B5.3 for cases where the infringing item "is or appears to a reasonably informed

---

[1] If the infringement amount exceeds $5000, the increase is determined by cross reference to the table in USSG § 2B1.1.

2

purchaser to be identical or substantially equivalent to the infringed item;" or one in which "the retail value of the infringing item is difficult or impossible to determine without unduly complicating or prolonging the sentencing proceeding." USSG § 2B5.3 cmt. n.2(A)(i), (iii). Application Note 1 defines the infringed item as "the copyrighted or trademarked item with respect to which the crime against intellectual property was committed." The infringing item is defined as "the item that violates the copyright or trademark laws." Id.

At the sentencing hearing, in response to Huang's objection to the use of the retail value of the infringed items to determine the infringement amount, the government presented testimony from the federal investigative agent. She testified that she had been trained to recognize counterfeit merchandise, but that the valuation of the counterfeit items was done by a private investigator who was also an official representative for all but one of the companies involved. The agent said she accepted the investigator's figures for the retail value of the infringed items and that it would be a time-consuming process to obtain each company's valuation of the retail value of the infringing items.

Huang's attorney argued that, because Huang sold some counterfeit merchandise to the agents, during the investigation, for about one-tenth the retail value of the original items, the

3

"infringement amount" should be determined under Application Note 2(B) to § 2B5.3, which directs that the infringement amount is the retail value of the infringing item multiplied by the number of infringing items, in any case not covered by Application Note 2(A). He suggested that the retail value of the infringing items in Huang's case would be $68,907.10.

The court found that the infringement amount was difficult to ascertain, but ultimately decided to estimate the infringement amount by taking half of the retail valuation of the infringed items as determined by the investigator. The reduction lowered Huang's offense level to 20 and reduced his Guidelines range to 33-41 months.

After hearing from the parties concerning the appropriate sentence in light of the 18 U.S.C. § 3553(a) (2006) factors, the court decided to vary upward from the Guidelines range.[2] The court observed that, after coming to live in the United States,[3] Huang had defrauded many companies and disregarded the laws of the United States. The court noted that Huang had committed additional similar crimes while on pretrial

---

[2] Although the court did not announce that it was varying, rather than departing, above the Guidelines range, the sentence was clearly a variance, and is identified as such in the court's sealed statement of reasons.

[3] Huang is a Chinese citizen, but has permanent legal resident status in the United States.

release.[4]  Before imposing a sentence of forty-eight months, the court stated that –

> [T]here is a compelling need to protect the public and to promote respect for the law.  And I don't believe a sentence within the guideline range, as I've derived it, accomplishes the purposes of sentencing in this case.  I don't believe a sentence of 33 to 41 months will discourage this type of conduct.

On appeal, Huang first challenges the district court's determination of the infringement amount, arguing that the court should have used the retail value of the infringing items.  The district court's determination of the infringement amount in a case involving counterfeit merchandise is a factual finding reviewed for clear error.  United States v. Lozano, 490 F.3d 1317, 1322 (11th Cir. 2007); United States v. Yi, 460 F.3d 623, 638 (5th Cir. 2006).

Here, the question initially is whether the district court properly determined the infringement amount under Application Note 2(A) to § 2B5.3.  In light of the agent's testimony that many, if not all, of the infringing items were of very good quality, and thus would appear to a "reasonably informed purchaser" to be "identical or substantially equivalent to the infringed item[s]," see Application Note 2(A)(i), and the

---

[4] After being released on December 17, 2010, Huang was arrested in possession of thirty cartons of unstamped cigarettes he had purchased in Virginia and was transporting to New York for sale.  His pretrial release was revoked and he was detained.

difficulty recognized by the court in determining the retail value of the infringing items, see Application Note 2(A)(iii), we conclude that the district court did not clearly err in applying Application Note 2(A) and using the retail value of the infringed items as the starting point. Adopting Huang's alternative valuation based on only a few undercover sales would not necessarily have produced a more accurate estimate. Therefore, we conclude that the district court's determination of the infringement amount and Huang's offense level was not clearly erroneous.

Next, Huang asserts that a sentence above the Guidelines range was greater than necessary to satisfy the sentencing goals of § 3553(a). This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A "deferential abuse-of-discretion standard applies to any sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal citation and quotation marks omitted), petition for cert. filed, June 27, 2012. In reviewing any variance, the appellate court must give due deference to the sentencing

court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (citing Gall, 552 U.S. at 56), cert. denied, 131 S. Ct. 2946 (2011).

Here, the court gave an individualized assessment of Huang's situation in light of the § 3553(a) factors, including his continued criminal conduct while on pretrial release, and decided that the seriousness of his offense and the likelihood that he would commit further such crimes necessitated a sentence above the Guidelines range to protect the public and promote respect for the law. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted). Huang argues that the court failed to recognize that he had already been punished for his criminal conduct on pretrial release by the loss of an adjustment for acceptance of responsibility, USSG § 3E1.1. However, even if this court might weigh the § 3553(a) factors differently and select a lesser sentence, the district court's sentence deserves deference. See United States v. Jeffery, 631 F.3d 669, 679-80 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011). Therefore, we conclude that the district court did not abuse its discretion and that the variance was not substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED